## LOUISE FARRINGTON v. RAY G. FARRINGTON.[1]

April 19, 1912.

Nos. 17,530—(67).

**Money loaned — complaint.**

A complaint alleging that the defendant, at a certain time, had and received a sum of money from plaintiff, which he then agreed to repay to plaintiff upon demand, states a cause of action for money loaned, and not for money had and received.

**Charge to jury.**

The instructions to the jury examined, and found not prejudicial to defendant, in view of the issue made by the pleadings and evidence.

[1] Reported in 135 N. W. 815.

**Newly discovered evidence — new trial.**

Misconstruction of a pleading by an attorney is no legal excuse for a failure to produce witnesses upon the trial, nor may the testimony of such witnesses be considered newly discovered evidence; the attorney all the time knowing its purport.

Action in the district court for Big Stone county to recover $441.85 for money loaned. In his answer defendant admitted that he received certain sums of money from plaintiff, but alleged that the accounts between them had been fully settled and paid. The reply was a general denial. The case was tried before Flaherty, J., and a jury which returned a verdict in favor of plaintiff for $494.81. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Cliff & Purcell*, for appellant.

*Rieke & Hamrum*, for respondent.

HOLT, J.

Defendant and plaintiff were at one time husband and wife. During their courtship defendant learned that plaintiff had some money to invest, and he, then eager to assist her, suggested the purchase of a note and mortgage drawing ten per cent interest on land owned by him in South Dakota. This was agreeable to her, and, the defendant being a lawyer, she, about January 11, 1901, turned over $350 (he claims only $300) to make the investment. Plaintiff claims that no part of that amount has been repaid to her, either of principal or interest, and, further, that when, on October 14, 1902, she gave a satisfaction of the mortgage to him, she loaned him the amount then due thereon upon his promise to repay upon demand. The defendant admits that she gave him $300, and no more, that it was invested in the note and mortgage, and that he repaid it in full, the last payment to her being made when the satisfaction was executed, being a few weeks before their marriage. The trial resulted in a verdict of $494.81. From an order denying a new trial, the defendant appeals.

Misconstruction of the pleadings, and consequent erroneous in-

117 M.—18.

structions to the jury, an excessive verdict, and newly discovered evidence, are urged as grounds for reversal of the order. It is contended that the complaint is for money had and received, and not for money loaned. Some excuse is found for this contention by the unnecessary detail of the transaction set out in the complaint, and the irrelevant matters therein relating to the domestic difficulties of the parties. The gist of the complaint is contained in these words:

"That on or about the 18th day of April, 1904, the aforesaid loan of $350 was converted into cash, said loan now amounting to $441.85, including interest at the above rate, and said defendant had and received the sum of $441 from the plaintiff. * * * That, at the time the said defendant had and received said sum of money from plaintiff, defendant promised and agreed to repay said sum of money so had and received as aforesaid to plaintiff on demand thereafter by plaintiff."

To this defendant made answer that he "admits and alleges that at times other and different than as alleged in the complaint he did receive certain sums of money from plaintiff, but with respect thereto alleges that all accounts, loans, and transactions had between parties were thereafter in all things settled, paid, and adjusted."

We are of the opinion that the trial court rightly held the complaint to state a cause of action for money loaned to defendant.

The defendant admitted, when called for cross-examination, that he at one time received $300, which he invested in the mortgage on his land. Plaintiff contends that it was $350. Defendant was clearly apprised that plaintiff claimed the loan was made from the money due and received when this mortgage was paid; that the proceeds of the mortgage constituted the fund which defendant borrowed. His contention on the trial was that there never was a loan of the proceeds of the mortgage, because he had paid it in full to the plaintiff in small payments; the last being made to her when the satisfaction was given. If there was a loan of the proceeds of the mortgage, there is no claim by defendant that any part was ever paid. On the other hand, if it was paid to plaintiff at or prior to the giving of the satisfaction, there was no loan.

Hence the court's instructions could not have prejudiced the defendant, though not technically correct, in perhaps permitting an inference that plaintiff's cause of action, namely, the loan, related back to the time the defendant received the money for investment in the mortgage. Nor is it apparent that any prejudice legally resulted from counsel being surprised at the court's construction of the pleading. If the defendant had paid no part of the mortgage at the time the satisfaction was given, he was then, when he received it, required to produce the money. She states the money was there, and that he got it. It does not seem important whether this be so or not. The money ought to have been there. If it was not, defendant had it; and if the parties considered it as there for defendant's use, plaintiff loaning it to defendant, and he agreeing to pay it back to her with interest, on demand, the transaction was a loan. Neither is there any materiality in the discrepancy of dates. The defendant could not have been misled, as appears from his examination.

In claiming that the verdict is larger than the evidence warrants, we think counsel overlook the fact that plaintiff testified that the defendant agreed to pay interest on the loan, and in the complaint interest is demanded from April 18, 1904. In view of the fact that on the testimony the jury might properly compute interest from the date of the loan, it can be readily demonstrated that the verdict is within the amount authorized. Defendant, on his own testimony, is not entitled to credit for the $25 he gave her to prepare for the wedding or to buy for the household.

On the alleged newly discovered evidence, defendant has no ground for a new trial. The admissions of plaintiff, alleged to be newly discovered evidence, were made to the proposed witnesses in defendant's presence, and we do not consider his misconstruction of the pleadings sufficient excuse for not calling the witnesses at the trial.

We find no merit in the appeal.

Order affirmed.